BEER, Judge.
Appellant, Gladys Mae Carmouche, sought and obtained a judicial separation from her husband in June, 1973, and, in January, 1975, he obtained a divorce. That judgment ordered him to pay $120 per week child support for their three minor children, who resided with Mrs. Carmouche. In June, 1976, Mr. Carmouche obtained custody of one of the minors, and, thereafter, the child support award for the two minor children remaining in the custody of Mrs. Car-mouche was proportionately reduced to $80 per week. By amended judgment in June, 1976, Carmouche was also ordered to pay $5 per week alimony. In March, 1978, Car-mouche filed a motion to reduce child support on the ground that one of the children still residing with Mrs. Carmouche had reached majority. Mrs. Carmouche moved to increase child support and also sought judgment for past due alimony at attorney’s fees. After hearing, the court reduced the child support award to $40 per *264 week for the minor residing with Mrs. Car-mouche and awarded her $410 in past due alimony but refused to increase the amount of alimony payments. She appeals this refusal and, additionally, contends that the mathematical calculation of $410 in past due alimony is erroneous and should be increased to $505. Carmouche seeks a credit against the alimony award based upon alleged overpayment of child support, but this issue is first raised on appeal, and we reject it without further discussion.
The record shows that Carmouche, an electrician employed by Kaiser Aluminum, has remarried and continues to have legal custody of one of the minor children of his former marriage, although that child, age 17, is working and residing with a sister. Carmouche’s income from his employment in 1977 was $17,420.96. The record indicates that his most recent weekly take home pay approximates $220, and, though he testified that his annual expenses were approximately the same as those itemized in an earlier proceeding — $15,919, this figure included $6,340 in child support for. three children. He contends that his income tax will be higher now that two of the children have reached majority and cannot be claimed as dependents.
Mrs. Carmouche is employed as a part-time waitress. She earns $2 per hour and works approximately 28 hours per week. She estimates additional income of approximately $1.50 per day in tips, though we believe that figure to be deflated. Though no itemized list of her expenses was apparent from the record, cross-examination of Mrs. Carmouche revealed that she pays $40.60 per month for insurance; $260 per month for food; $20 for Larry’s lunch expenses; $30 per month, dentist;[1] $80 per month entertainment; $40 per month miscellaneous; $40 per month to reduce a loan (a total of approximately $510). Mrs. Car-mouche does not own an automobile. She does own her home but testified that it is in need of major repair to the extent that parts of it are presently uninhabitable.
Insofar as the matter of alimony is concerned, we find that there was, indeed, a miscalculation with respect thereto and that the proper computation should have been $505. However, the quantum of the alimony award has caused us considerable concern, for, if any alimony is due, the amount awarded (approximately $20 per month) is ludicrous. Louisiana Civil Code Article 231 provides that alimony shall be granted in proportion to the wants of the person requiring it and the circumstances of those who are to pay it. Obviously, the trial court has made a factual determination that alimony should be paid. In view of that factual determination and based upon all the income and expense figures of both parties that can be gleaned from this record, we conclude that the alimony should be no less than $100 per month. Accordingly, the judgment of the 29th Judicial District Court for the Parish of St. Charles, dated May 30, 1978, must be amended and recast so as to provide as follows:
IT IS NOW ORDERED, ADJUDGED AND DECREED that there shall be judgment herein in favor of Gladys Mae Car-mouche and against Irving J. Carmouche as follows:
Irving J. Carmouche is condemned to pay alimony at the rate of $100 per month from May 30,1978, effective on the date that this judgment shall become final. Child support in the amount of $40 per week shall continue to be paid by Irving J. Carmouche to Gladys Mae Carmouche for the support of their minor son, Larry, as provided in the district court judgment of May 30, 1978, and Irving J. Carmouche is condemned to pay the balance due on the medical bill from Dr. Almerico for dental care on behalf of their son, Michael, a minor at the time of the treatment. Irving J. Carmouche shall pay plaintiff’s attorney’s fee in the amount of $100 plus all costs in both the trial court and in this court. Past due alimony is fixed at $505.
As amended and recast, the judgment is affirmed.

AMENDED, RECAST AND AFFIRMED.

. Mr. Carmouche was ordered to pay the $300 dentist bill in addition to child support of Larry.